IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 4:21-CR-00242-ALM-BD |
| | § | |
| JUSTINA LOVELL (4) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the court is the request for revocation of Defendant Justina Lovell's supervised release. The revocation hearing was held on February 11, 2025. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office and the Government was represented by Maureen Smith.

Defendant was previously sentenced on March 28, 2023, before The Honorable Amos L. Mazzant of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Tamper with a Witness, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. Pursuant to an 11(c)(1)(C) binding Plea Agreement, Justina Lovell was sentenced to 24 months imprisonment followed by a two-year term of supervised release. Standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, substance abuse treatment, obtain her high school equivalency certificate, and the mandatory $100 special assessment, were ordered. On May 26, 2023, Defendant completed her period of imprisonment and began service of the supervision term.

On December 17, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #221, Sealed). In its Petition to

revoke, the Government alleges Defendant violated the following conditions:

1) <u>Mandatory Condition</u> Defendant must not commit another federal, state or local crime. Specifically, the Government alleges that between November 13 and November 15, 2024, an individual known to Plano, Texas, Police Officers purchased 2.3 grams of methamphetamine from Defendant, at the Super 8 Motel in Richardson, Texas.

2) <u>Mandatory Condition</u> Defendant must not unlawfully possess a controlled substance. Specifically, the Government alleges a controlled-buy conducted on November 29, 2024, resulted in Defendant selling a confidential informant 1.7 grams of methamphetamine. This transaction was witnessed by Plano, Texas, Police Officer. Defendant is alleged to have committed the offense of Delivery of a Controlled Substance in violation of Texas Health and Safety Code § 481.112 on each of these matters. As of this writing, no formal charges have been filed.

3) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance. Specifically, the Government alleges that on October 27, 2023, Defendant submitted a urine specimen at the U.S Probation Office in Sherman, Texas, as part of her participation in the random drug testing program, which tested positive for methamphetamine. She made verbal and written admissions she used methamphetamine on October 20, 2023. Additionally, the Government alleges, on December 7, 2023, Defendant submitted a urine specimen at the U.S Probation Office in Sherman, Texas, as part of her participation in the random drug testing program, which tested positive for methamphetamine. She signed and an admittance form and admitted that she used methamphetamine on December 5, 2023.

4) <u>Standard Condition</u> Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges that on February 16, 2024, the U.S. Probation Office received an Atlas Hit, alerting Defendant's probation officer that she had contact

with the Durant, Oklahoma, Police Department at 3:34am on that date. Defendant admitted to getting pulled over on a traffic stop with the person she was getting a ride from. She did not have permission to be outside the federal judicial district.

5) <u>Standard Condition</u> Defendant must answer truthfully the questions asked by her probation officer. Specifically, the Government alleges that on December 5, 2024, the U.S. Probation Office received an Atlas Hit on Defendant from the Richardson, Texas, Police Department, after hotel staff found her unconscious in a hotel room. On December 9, 2024, when questioned by her probation officer, she denied having contact with law enforcement and she denied being in Richardson, Texas. She stated she rented a room for a friend, who took seizure medication and was hard to awaken. The Richardson, Texas, Police Officer who responded on the above-noted incident, positively identified Defendant as the individual who he witnessed inside the hotel room, whose identification he held in his hand, and whose name he ran on December 5, 2024. The call was logged as a signal 7, which the officer explained corresponded with a person under the influence of heroin or methamphetamine. Defendant failed to answer this officer's questions truthfully by stating she was not there, and she is not the one law enforcement had contact with on that date.

6) <u>Standard Condition</u> Defendant must live at a place approved by the probation officer. If Defendant plans to change where she lives or anything about her living arrangements (such as the people she lives with), she must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. Specifically, the Government alleges that on October 23, 2024, an unannounced home visit at Defendant's listed residence was conducted resulting in contact with the homeowner who stated she had not lived there for about the last month and a half. At that time, her whereabouts

were unknown and she had not notified her probation officer.

7) <u>Standard Condition</u> Defendant must not communicate or interact with someone she knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, she must not knowingly communicate or interact with that person without first getting the permission of the probation officer. Specifically, the Government alleges that on October 27, 2023, Defendant provided a verbal and written admission, disclosing that she used methamphetamine with friends, on October 20, 2023. The Government further alleges that on February 23, 2024 Defendant was with her boyfriend, Princeton Johnson, in her hotel room in Denison, Texas. Mr. Johnson was previously convicted of a felony offense and arrested on this date for an outstanding warrant.

8) <u>Standard Condition</u> If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours. Specifically, the Government alleges that on February 16, 2024, Defendant had contact with Denison, Texas, police officer and failed to notify her probation officer within 72 hours. The Government further alleges that on April 2, 2024, Ms. Lovell had contact with Bonham, Texas, police officers. She failed to notify her probation officer within 72 hours.

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations three (3), four (4), six (6), seven (7), and eight in the Petition. The Government moved to dismiss allegations one (1), two (2), and five (5) of the Petition. Having considered the Petition and the plea of true to allegations three (3), four (4), six (6), seven (7), and eight (8), the court finds that Defendant did violate her conditions of supervised release.

The parties agreed upon the sentence to be imposed. Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the udnersigned recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-four (24) months, with a twelve (12) month term of supervised release to follow.

Upon release from imprisonment, you shall be placed on a term of supervised release for a term of 12 months. You must report to the probation office in the federal district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation officer or within a different time frame.

While on supervised release, you must not commit another state, federal, or local crime. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the Court.

You must comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds special conditions originally imposed by the Court are still relevant and are reimposed as follows:

- You must provide the probation officer with access to any requested financial information for purposes of monitoring her sources of income.

- You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

- You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

- You must acquire a high school equivalency certificate.

The undersigned recommends granting Government's motion to dismiss allegations one (1), two (2), and five (5).

The undersigned recommends that Defendant participate in a drug and mental health treatment program for the term of imprisonment.

The undersigned finally recommends that Defendant be housed in the Dallas Fort-Worth area.

SIGNED this the 12th day of February, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE